NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAQUELINE MARIA MOLINA, | No. 16-73054 |
| Petitioner, | Agency No. A074-800-648 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Jaqueline Maria Molina, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeal's order dismissing her appeal from an

immigration judge's ("IJ") order denying her motion to reconsider and motion to

reopen deportation proceedings conducted in absentia. Our jurisdiction is governed

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider or reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Molina has waived any challenge to the agency's denial of her motion to reconsider the IJ's denial of reopening as untimely. *See Diego v. Sessions*, 857 F.3d 1005, 1015 n.4 (9th Cir. 2017) (holding that issues not "specifically and distinctly argued and raised" in an opening brief are waived (citation omitted)). Likewise, Molina has waived any challenge to the agency's determination that her motion, construed as a motion to reopen based on ineffective assistance of counsel, is untimely and she failed to show due diligence for equitable tolling of the 180-day filing deadline. *Id.*; *see also Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances).

We lack jurisdiction to review the agency's decision not to reopen sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

In light of our disposition, we do not reach Molina's remaining contentions regarding the alleged ineffective assistance of counsel. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

16-73054

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**